UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:06-cr-05 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| WILLARD WAYNE HOWARD | ) | |
| | ) | |

**M E M O R A N D U M**

Before the Court is Defendant Willard Howard's ("Defendant") second motion for reconsideration of appointment of expert (Court File No. 102). No response by the Government is in the court record. For the following reasons, the Court will **DENY** Defendant's second motion for reconsideration of appointment of expert (Court File No. 102).

**I.     INTRODUCTION**

Defendant previously filed a motion for reconsideration of appointment of expert (Court File No. 91). Defendant sought $4,300, pursuant to 18 U.S.C. § 3006A(e), to pay for the services and expenses of Mr. Robert Gonzalez ("Gonzalez"), an expert in narcotic dog training. In a published opinion, the Court in considerable detail explained the reasons the Court denied Defendant's motion for reconsideration of appointment of expert (Court File No. 100), *United States v. Howard*, 448 F. Supp. 2d 889 (E.D. Tenn. 2006). No purpose will be served by reiterated the factual background of this matter so the Court will simply refer to the full statement of facts in its previous opinion on the appointment of expert (*id.*). The Court notes Defendant does not raise any new legal arguments

in his second motion for reconsideration. Therefore, the Court will only briefly address each of Defendant's arguments.

**II.     ANALYSIS**

Defendant first argues that either the Court misinterpreted the United States Court of Appeals for the Sixth Circuit case law on the issue of drug dog alerts or the Sixth Circuit incorrectly decided the issue. Defendant argues certification alone does not allow a dog alert to be admitted into evidence. In the Court's previous opinion, the Court detailed the Sixth Circuit case law that holds precisely that. This Court has no authority to ignore binding circuit precedent. To the extend Defendant argues the Sixth Circuit wrongly decided the issue, such arguments should be directed to the Sixth Circuit. Absent some proof the drug dog certification is false, the Court is unable to go behind the certification. As the Court previously stated, if Defendant's expert "offered an opinion that the NNDDA certification process was deficient, [the expert's] testimony would only amount to him having a contrary opinion and would likely not even be admissible at the suppression hearing" (*id.*).

Next, Defendant attempts to introduce new facts to demonstrate his expert is familiar with qualifications of drug dog certification associations. The Court noted in its previous opinion there was nothing in Defendant's expert's background to suggest any particular knowledge of the NNDDA or generally accepted standards for drug dog certification (*id.*). After the Court issued its opinion, defense counsel raised the issue with Gonzalez and was informed Gonzalez had administered certification testing on at least four prior occasions, had administered quarterly testing on at least thirty occasions and was familiar with the NNDDA. However, Defendant has not put

forth any evidence the NNDDA standards were deficient. Therefore, even if Gonzalez would testify the dog performed deficiently in his certification, the dog met the minimum standards for certification, and his alert would be admissible.

Defendant also argues Gonzalez is necessary to critique dog handler Detective Eduardo Choate's ("Choate") ability to analyze the dog's reactions. However, the Court determined in its previous opinion that because the handler is the only witness who can speak to the subjective interaction during a particular dog alert, it is necessary to defer to the handler's testimony when credible. The Court noted the interpretation between the handler and the dog is "not a subject amenable to testimony by an expert and thus Mr. Gonzalez's testimony would be of no help to the fact-finder here" (*id*.). In the current motion, Defendant merely states he disagrees with the Court's opinion and does not offer any new evidence or legal arguments. As such, the Court declines to reconsider its previous decision. Defendant misses the point regarding the importance of the testimony of the dog handler.

Lastly, Defendant argues an expert is necessary to challenge the credibility of Choate. Previously, the Court found Gonzalez's testimony would be of little assistance and would certainly not be necessary under the standards of 18 U.S.C. § 3006A(e) (*id*.). The Court concluded the traditional means trial counsel employ in litigation including cross examination would be sufficient to challenge the credibility of the dog handler (*id*.). Defendant does not put forth any new facts or legal arguments. Accordingly, the Court will **DENY** Defendant's request for the Court to reconsider its previous decision.

III. <u>CONCLUSION</u>

For the reasons stated above, the Court will **DENY** Defendant's second motion for reconsideration of appointment of expert.

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**