MEMORANDUM   FILED

**TO**: Honorable Alice M. Batchelder
Sixth Circuit Court of Appeals
Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, Ohio 45202

2007 JUN 21 P 3: 33

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____ DEPT. CLERK

**FROM**: Chief United States District Judge Curtis L. Collier

**SUBJECT**: Advance Authorization for Investigative, Expert or Other Services

It is requested that authorization be granted to obtain services in an amount in excess of the maximum allowed under the provisions of subsection (e)(3) of the Criminal Justice Act, 18 U.S.C. § 3006A, as follows:

**Case Name & Designation**: USA vs. Willard Wayne Howard - Case No. 1:06-cr-05-02

**Name of Expert or Investigator**: Dwain Land, private investigator.

**Address**: 25 Land Drive, Dunlap, Tennessee 37327.

**Type of Expert**: Investigative Services to prepare for reconvened suppression hearing, trial, locate and interview individuals and witnesses, and certain other information to be obtained from northern Kentucky.

**Reason for Application**: On February 27, 2006, the Court approved expenses up to $1,600 under 18 U.S.C. § 3006 (A)(e)(3) [Doc. No. 55]. On September 27, 2006 a Second Motion for Private Investigator was filed with the Court stating that further investigative services will require an additional cost of $2,500 in addition to the $1,600 previously approved for a total amount of $4,100 [Doc. No. 104]. On January 16, 2007, Judge Batchelder and Chief Judge Collier approved the additional $2,500 in investigative fees in addition to the $1,600 previously approved for a total of $4,100 approved for investigative services in this case [Doc. No. 128.]

While awaiting approval of the additional $2,500 in investigative fees Attorney Ortwein filed a Motion to Withdraw on grounds of conflict of interest [Doc. No. 112]. On November 7, 2006 an Order was entered allowing Attorney Ortwein to withdraw and Attorney M. Keith Davis was substituted as court appointed counsel [Doc. No. 114]. Due to the conflict of interest under which Attorney Ortwein was allowed to withdraw, his investigator also had a conflict of interest in performing additional investigative work on behalf of defendant Howard.

On January 25, 2007, Attorney Davis filed under seal a Motion for Authorization for Additional Expert Services and an Affidavit in Support [Doc. Nos. 131 & 132]. On January 30, 2007 an Order was entered instructing Attorney Davis to supplement his motion for additional expert services [Doc. No. 133] and subsequently a supplement with additional requested information was

filed on February 5, 2007 [Doc. No. 134]. On January 17, 2007, investigator Trey Aycock submitted his voucher for investigative services which used the entire previously approved amount of $4,100.00 plus expenses. Attorney Davis states in his motion, affidavit, and supplement requesting additional investigative funds that an additional $2,000 is needed because one of the issues that needs additional investigation involves a search warrant, residence(s) and witnesses in northern Kentucky. Attorney Davis states the further investigative services do not duplicate services by the previous investigator employed by Attorney Ortwein and the information Attorney Davis is seeking is not currently in defendant Howard's file. Attorney Davis is requesting an additional $2,000.00 for a total approved amount of $6,100.00.

**Estimated Compensation.**   $6,100.00

I certify that the estimated compensation in excess of the maximum set forth in subsection (e)(3) of the Criminal Justice Act appears necessary to provide fair compensation for services of an unusual character or duration and therefore recommend approval of this authorization in the amount of an additional $2,000.00.

_____     _____
**Chief U.S. District Judge Curtis L. Collier**     Date

_____     6-8-07
**Honorable Alice M. Batchelder**     Date
**U.S. Court of Appeals**