UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:06-cr-5 |
| v. ) | |
| ) | Judge Travis R. McDonough |
| WILLARD HOWARD ) | |
| ) | |
| ) | |

## MEMORANDUM AND ORDER

Before the Court is Defendant Willard Howard's motion for leave to file a motion for compassionate release under seal (Doc. 279). Howard seeks release based on his health conditions, his need for medical care, the need to tend to his property, new developments in his living conditions, his rehabilitation, and the amount of time he has already served. (Doc. 280.) For the reasons set forth below, the Court will **GRANT** Howard's motion for compassionate release and **ORDER** that his sentence be reduced to time served, to be followed by a five-year term of supervised release.

### I.  ADMINISTRATIVE EXHAUSTION

A sentencing court may "modify a term of imprisonment once it has been imposed," after considering the applicable factors set forth in 18 U.S.C. § 3553(a), if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020) (holding that "federal judges" have "full discretion to define 'extraordinary and compelling'" without reference to U.S. Sentencing Commission policy statement § 1B1.13); *United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir. 2020) ("We have recognized that some of the § 3553(a) factors, including the 'need to provide

just punishment' and 'to reflect the seriousness of the offense,' allow courts to consider the 'amount of time' that a defendant has served on a sentence when deciding whether to grant a sentence reduction."). Before seeking a sentence reduction from the court, the defendant must exhaust administrative remedies by fully pursuing "all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (holding that "this exhaustion requirement . . . is mandatory (there is no exception)").

Counsel for Howard represents that Howard made a request to the warden of his facility for compassionate release on or about May 7, 2020. (*See* Doc. 280, at 2 (citing Doc. 280-2).) The Government does not contest exhaustion, stating it "has elected to waive enforcement of the exhaustion requirement to allow the Court to consider Howard's motion. *See* (Doc. 282, at 5 (citing *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) (recognizing waiver as an exception to an otherwise mandatory claim processing rule)).) As such, the Court may consider the factors set forth in 18 U.S.C. § 3553(a) and whether there are "extraordinary and compelling reasons" to reduce Howard's sentence. 18 U.S.C. § 3582(c)(1)(A)(i).

II. **BACKGROUND**

In 2008, Howard was convicted of conspiracy to distribute and possess five kilograms or more of cocaine and attempt to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (Doc. 202.) The Government filed a notice that it was pursuing a sentence enhancement for prior convictions under 21 U.S.C. § 851(a), (Doc. 167), and Howard was ultimately sentenced to a statutory minimum of life in prison due to the enhancement. (Doc. 202.) On January 18, 2017, President

2

Case 1:06-cr-00005-TRM-MCLC   Document 283   Filed 10/07/21   Page 2 of 8   PageID #: 1448

Barack Obama granted executive clemency and commuted Howard's sentence to 240 months' imprisonment. (Doc. 247.) Howard has served approximately fifteen and a half years of that sentence, and his current release date is December 29, 2022. *Find an Inmate*, Bureau of Prisons, http://bop.gov/inmateloc/ (search by name) (last visited Sept. 29, 2021).

In May 2020, Howard moved for compassionate release due to the COVID-19 pandemic. (Doc. 265.) The Court denied the motion—and Howard's motion for reconsideration—because Howard had not satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. (*See* Docs. 269, 271.) Howard later filed a renewed motion, along with proof that he previously sought compassionate release from the Bureau of Prisons based on his "age and medical conditions." (Doc. 272.) This Court denied the renewed motion, concluding that the balance of the 18 U.S.C. § 3553(a) factors—specifically, the nature and circumstances of the offense, the need for the sentence to reflect the seriousness of the offense, the need for the sentence to promote respect for the law, the need for the sentence to provide just punishment for the offense, the need for the sentence to afford adequate deterrence to criminal conduct, and the need to protect the public— "militate[d] against granting a sentence reduction." (Doc. 278, at 2–3.) After the Court denied those motions, however, the BOP released Howard to home confinement, and he has been compliant with all terms of his home confinement. (Doc. 280-1.) Since his release to home confinement on October 28, 2020, he has been living with his grandson in a mobile home in Florence, Kentucky. (Doc. 280, at 2.)

Howard is 67 years old and has hypertension, esophageal reflux, ventral hernia, esophagitis, osteoarthritis, and Barrett's esophagus, along with other health conditions, which are documented in his medical records from the BOP. (*See* Doc. 280-3.) Howard represents that he has been unable to receive recommended surgery to relieve his symptoms due to unspecified

BOP restrictions. (Doc. 280, at 2.) In addition to his health problems, Howard offers several other circumstances to justify compassionate release. Howard reports that his grandson, with whom he lives, would like to provide space in his home for his young daughter to visit, but Howard sleeps in the bedroom needed for the child. (*Id.*) Howard owns a home and property and has requested permission to live in an RV on that property to relieve the burden on his grandson and great-granddaughter and repair his home that he was unable to attend to while incarcerated, but his request has not been granted. (*Id.* at 3.)

### III. ANALYSIS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the Court may only grant a motion for sentence reduction when, "after considering the factors set forth in section 3553(a) to the extent that they are applicable," it finds that "extraordinary and compelling reasons warrant such a reduction."

#### A. 18 U.S.C. § 3553(a) Factors

Under 18 U.S.C. § 3553(a), the Court considers the following factors in determining the sentence to be imposed:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for--
>   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
>
> . . .
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . .

4

The Court previously found that these factors militated against granting Howard compassionate release, primarily due to the seriousness of his drug-trafficking offense and prior assault convictions. (Doc. 278, at 3.) However, the balance of these factors has changed in light of new circumstances presented in the instant motion, specifically, Howard's release to home confinement, his medical conditions, additional time served, time remaining on his sentence, and evidence of rehabilitation.

The BOP approved Howard for home confinement, meaning Howard met specific criteria as set forth by the Attorney General's memoranda to the BOP under his emergency authority under the CARES Act. *See* Att'y Gen., *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19* 1 (Apr. 3, 2020) https://www.bop.gov/coronavirus/docs/bop_memo_home_confinement_april3.pdf (last accessed Sept. 30, 2021); Att'y Gen., *Prioritization of Home Confinement As Appropriate in Response to COVID-19 Pandemic* 1 (Mar. 26, 2020), https://www.bop.gov/resources/news/pdfs/20200405_covid-19_home_confinement.pdf (last accessed Sept. 30, 2021); CARES Act § 12003(b)(1)(B)(2). The factors the BOP found weighed in favor of releasing Howard to home confinement include, but were not limited to, nature of the crime of conviction, discipline history, low- or minimum-security risk, minimum-recidivism-risk score, age, and COVID-19 vulnerability.

The fact that BOP found these, and other, factors weighed in favor of releasing Howard to home confinement supports the conclusion that he is not a danger to society. In addition, since Howard has been on home confinement, he has been compliant with all conditions. (*See* Docs. 280, 280-1, 280-5.) The Court does not hold that release to home confinement, alone, justifies compassionate release. Rather, since being on home confinement, Howard has

5

confirmed that he does not pose a threat to the public and has been adequately deterred from criminal conduct, as he has remained compliant and has not incurred any sanctions for the entire time he has been on home confinement—almost a year. (*See* Docs. 280, 280-1, 280-5.) Further, at 67 years old, his age places him in the class of prisoners least likely to recidivate, as only 13.4 percent of offenders age 65 or older at the time of release commit further crimes. U.S. Sent'g Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* 3 (Dec. 2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last accessed Sept. 30, 2021).

The Guidelines range for Howard's offense is 235 to 293 months. Howard's sentence is 240 months, five months above the low end of the guidelines range, and his current release date is only 14 months away, leaving only a nine-month disparity between his guidelines range and the reduction in his sentence for compassionate release. Such a minimal time period, especially one that would otherwise be served in home confinement, does not create significant concerns of sentencing disparities. Given Howard's medical conditions, his demonstrated rehabilitation, and the short period of time left on Howard's sentence, the Court is concerned that further incarceration will overrepresent the seriousness of the offense and runs a great risk of an unjustifiably harsh punishment for the offense. Taken together, the Court finds that the § 3553(a) factors support granting Howard's motion for compassionate release.

> B. **Extraordinary and Compelling Reasons**

Application Note 1(A) to § 1B1.13 of the United States Sentencing Guidelines states that "extraordinary and compelling reasons" for a sentence modification based on a defendant's medical condition exist when: (i) "[t]he defendant is suffering from a terminal illness" or (ii) the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13 cmt. n. 1(A); *see United States v. Tomes*, 990 F.3d 500, 503 n.1 (6th Cir. 2021) (holding §1B1.13 remains relevant to guide the court's discretion, even though no longer binding). The Application Note also states that the age of the defendant constitutes extraordinary and compelling circumstances when: "The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." USSG § 1B1.13 cmt. n. 1(B).

In this case, the Court finds that Howard has established extraordinary and compelling reasons for his release. Howard is 67 years old, is experiencing a serious deterioration in physical health due to aging—including hypertension, esophageal complications, osteoarthritis, and hernia—and has served almost 16 years of his sentence. (*See* Doc. 280); USSG § 1B1.13 cmt. n. 1(B). Further, his serious and deteriorating medical conditions diminish his ability to care for himself in his current environment. *See* USSG § 1B1.13 cmt. n. 1(A). Even though he is no longer in a correctional facility, Howard represents he cannot receive recommended, pain-alleviating surgery while in home confinement, and he cannot live in or rehabilitate his home to have an appropriate environment to care for himself. (Doc. 280.) The Courts holds that Howard's circumstances amount to extraordinary and compelling reasons for release.

### IV.     CONCLUSION

For the reasons set forth above, Howard's motion for compassionate release (Doc. 280) is

**GRANTED**. It is hereby **ORDERED** that Howard is to be released from the custody of the Bureau of Prisons immediately. Howard **SHALL** serve a five-year term of supervised release which will begin following his release from custody.

    **SO ORDERED.**

                                    */s/Travis R. McDonough*
                                    **TRAVIS R. MCDONOUGH**
                                    **UNITED STATES DISTRICT JUDGE**